775 A.2d 773 (2001)
342 N.J. Super. 160
IMMUNOMEDICS, INC., Plaintiff-Respondent,
v.
Jean DOE, a/k/a "moonshine_fr," Defendant-Appellant, and
John Does 1-10, John Foe, a/k/a "bioledger," and John Foes 2-10, Defendants.
Superior Court of New Jersey, Appellate Division.
Argued May 22, 2001.
Decided July 11, 2001.
Steven B. Stein, Succasunna, argued the cause for appellant (Stein & Stein, attorneys; Mr. Stein, on the brief).
Nicholas Stevens, Roseland, argued the cause for respondent (Starr, Gern, Davison & Rubin, attorneys; Mr. Stevens, of counsel and on the brief).
Paul Alan Levy, Trenton, argued the cause for amici curiae, Public Citizen Litigation Group and American Civil Liberties Union of New Jersey Foundation (Mr. Levy and J.C. Salyer, on the brief).
Before Judges STERN, A.A. RODRÍGUEZ and FALL.
*774 The opinion of the court was delivered by FALL, J.A.D.
Defendant, Jean Doe, a/k/a "moonshine_fr," on leave granted, appeals from an order entered on December 20, 2000, denying her motion to quash a subpoena duces tecum issued to Yahoo! by plaintiff, Immunomedics, Inc., seeking all personally identifiable information relating to the person or identity who posted messages on the Yahoo! Finance Message Board under the identifier "moonshine_fr" which may identify or lead to the identification of that person or entity. A consent order entered on February 5, 2001 stayed the December 20, 2000 order, pending resolution of this appeal.
Immunomedics, is a publicly-held biopharmaceutical Delaware corporation, with its principal place of business located at 300 American Road in Morris Plains, New Jersey. Immunomedics is focused on the development, manufacture and commercialization of diagnostic imaging and therapeutic products for the detection and treatment of cancer and infectious diseases.
Yahoo! is an Internet Service Provider (ISP) that maintains a Web Site that includes a section called Yahoo! Finance. Yahoo! Finance maintains a Message Board for every publicly-traded company, including Immunomedics. Visitors to the Immunomedics site can obtain up-to-date information on the company, and can post and exchange messages about issues related to the operation or performance of the company.
On October 12, 2000, Immunomedics filed a complaint against Jean Doe, also known by the computer screen name "moonshine_fr" ("Moonshine").[1] The complaint alleged that Moonshine had "posted a message on Yahoo! Finance." Immunomedics claimed that message contained information confidential and proprietary to Immunomedics. As a result, Immunomedics asserted it had sustained injury and that Moonshine should be held liable under theories of breach of contract, breach of duty of loyalty and negligently revealing confidential and proprietary information.[2]
Thereafter, on October 19, 2000, Immunomedics filed a first amended verified complaint. The amended complaint named a new defendant, "John Foe a/k/a `bioledger,'" and added claims for tortious interference with economic gain and defamation. The amended complaint alleged that Moonshine "continue[d] to post messages... that are or may be actionable."
Of the two messages in question, the first, with Moonshine describing herself as "[a] worried employee," stated that Immunomedics was "out of stock for diagnostic products in Europe" and claimed that there would be "no more sales if [the] situation [did] not change." The second message, allegedly posted by Moonshine after the initial complaint was filed, reported that Chairman of the Company, Dr. Goldenberg, was going to fire the Immunomedics "european manager." In her certification to the trial court, Immunomedics's Executive Vice President and Chief Operations Officer, Cynthia L. Sullivan, *775 admitted that the statements were true, but that, as an employee, Moonshine had violated the company's confidentiality agreement and "several provisions" of the company's Employee Handbook.
On or about October 20, 2000, Immunomedics served a subpoena on Yahoo!, seeking discovery of Moonshine's true identity.[3] Yahoo!, in turn, contacted Moonshine. In response, Moonshine filed a motion to quash the subpoena on or about November 15, 2000.
The motion to quash was argued before Judge Zucker-Zarett on December 15, 2000. After considering the arguments, the judge denied Moonshine's motion, stating, in pertinent part:
[W]e have two issues here. We have an issue, she's an employee, she signed a confidential document saying that she was not going to speak freely about information she learned at the company. So she contracted away her right of free speech if she's an employee. Number two, free speech, anonymous, but if it harms another individual, that is another way that we have a little bit of a dent in our rights for free speech.
So ... in essence, it would be if she signed a document indicating that she was going to keep this information confidential and she breached that, and she breached her loyalty, they would be entitled at least to find out who she is so they can pursue this.
....
I am tied up with this because I have no information indicating that she's not an employee, and I have information that she is. That's, in essence, from what I see here, something that, in essence, is an admission by her, not something that they created because there's a document here. And I need something that would dispute that, and I have nothing that is before me that disputes that. So it appears to me that I would deny your motion to quash this subpoena.
An order memorializing this decision was executed on December 20, 2000. However, the judge agreed to stay her decision for five (5) days to allow the parties to negotiate a protective order or for Moonshine to seek leave to appeal the denial of her motion.
By order entered on February 2, 2001, we granted Moonshine leave to appeal. The parties consented to the entry of an order, extending the stay during pendency of this appeal.
On appeal, Moonshine presents the following arguments for our consideration:
POINT I
THE TRIAL COURT ERRED BY DENYING DEFENDANT'S MOTION TO QUASH SUBPOENA.
A. Anonymous Internet Speech is Constitutionally Protected Speech.
B. Breach of Anonymity Is An Extraordinary Remedy.
C. Plaintiff's Complaint Is Insufficient To Warrant Extraordinary Remedy.
D. Defendant Would Be Irreversibly Harmed If Anonymity Is Unfairly Breached.
E. Public Interest Favors Protection of Anonymous Speech Absent A Substantial Showing That The Complaint Is Likely To Succeed On The Merits.
POINT II
DEFENDANT'S TRUE IDENTITY SHOULD NOT BE DISCLOSED BEFORE *776 DEFENDANT HAS AN OPPORTUNITY TO ESTABLISH THAT PLAINTIFF COULD NOT PREVAIL AS A MATTER OF LAW.
Moonshine contends the motion judge erred in denying her motion to quash the subpoena, as anonymous speech is constitutionally protected and Immunomedics' complaint is insufficient to warrant a breach of that anonymity. Immunomedics argues that, while anonymous speech is constitutionally protected, that protection can be overcome if a defendant uses that freedom in an unlawful manner. Immunomedics contends that there is sufficient evidence that Moonshine is, or was, an employee of Immunomedics and that she breached the company's confidentiality agreement, as well as her common law duty of loyalty. Furthermore, Immunomedics asserts that any vagueness in its complaint is because the identity of Moonshine is unknown and because the claims deal with confidential information which, if placed into a court pleading, would become publicly known.
In Dendrite International, Inc. v. John Doe No. 3, 342 N.J.Super. 134, 775 A.2d 756 (App.Div.2001), another case involving an application for expedited discovery to disclose the identity of an anonymous user of an ISP message board, we concluded that courts must decide such applications by striking a balance between the First Amendment right of an individual to speak anonymously and the right of a company to protect its proprietary interest in the pursuit of claims based on actionable conduct by the ISP message board user. Id. at 760. We established the following procedures and test to be utilized as an aid in striking that balance:
We offer the following guidelines to trial courts when faced with an application by a plaintiff for expedited discovery seeking an order compelling an ISP to honor a subpoena and disclose the identity of anonymous Internet posters who are sued for allegedly violating the rights of individuals, corporations or businesses. The trial court must consider and decide those applications by striking a balance between the well-established First Amendment right to speak anonymously, and the right of the plaintiff to protect its proprietary interests and reputation through the assertion of recognizable claims based on the actionable conduct of the anonymous, fictitiously-named defendants.
We hold that when such an application is made, the trial court should first require the plaintiff to undertake efforts to notify the anonymous posters that they are the subject of a subpoena or application for an order of disclosure, and withhold action to afford the fictitiously-named defendants a reasonable opportunity to file and serve opposition to the application. These notification efforts should include posting a message of notification of the identity discovery request to the anonymous user on the ISP's pertinent message board.
The court shall also require the plaintiff to identify and set forth the exact statements purportedly made by each anonymous poster that plaintiff alleges constitutes actionable speech.
The complaint and all information provided to the court should be carefully reviewed to determine whether plaintiff has set forth a prima facie cause of action against the fictitiously-named anonymous defendants. In addition to establishing that its action can withstand a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to R. 4:6-2(f), the plaintiff must produce sufficient evidence supporting each element of its cause of action, on a prima facie basis, prior to a *777 court ordering the disclosure of the identity of the unnamed defendant.
Finally, assuming the court concludes that the plaintiff has presented a prima facie cause of action, the court must balance the defendant's First Amendment right of anonymous free speech against the strength of the prima facie case presented and the necessity for the disclosure of the anonymous defendant's identity to allow the plaintiff to properly proceed.
The application of these procedures and standards must be undertaken and analyzed on a case-by-case basis. The guiding principle is a result based on a meaningful analysis and a proper balancing of the equities and rights at issue.

[Id. at 761.]
In Dendrite, the plaintiff based its action on claims of breach of contract, breach of fiduciary duty, defamation, misappropriation of trade secrets, and other causes of action; however, on appeal, Dendrite's claim was evaluated as a cause of action based on defamation. Id. at 759. Here, Immunomedics' cause of action is based on Moonshine's status as an employee and her alleged violation of a confidentiality agreement, and Moonshine's alleged breach of her common law duty of loyalty. In Dendrite, we concluded that the plaintiff had failed to adequately demonstrate a cause of action based on defamation because of the failure to demonstrate it suffered damages attributable to the messages posted on the ISP message board by the anonymous defendant. Id. at 760.
Applying the procedure and test outlined in Dendrite, we conclude Judge Zucker-Zarett properly analyzed the disclosure issue, and we affirm substantially for the reasons articulated by the judge in her oral opinion delivered on December 15, 2000. We add the following. Immunomedics presented sufficient evidence that Moonshine is, or was, an employee of Immunomedics. Ms. Sullivan indicated in her certification that "all employees are bound by several Company policies and a confidentiality agreement."[4] Within its "Confidentiality and Assignment Agreement," Immunomedics includes the following language:
This Agreement and any disputes arising under or in connection with it shall be governed by the laws of the State of New Jersey and each of the parties hereto hereby submits to the jurisdiction of any Federal or state court sitting in the State of New Jersey over any such dispute.
Accordingly, Immunomedics clearly established a prima facie cause of action for breach of the confidentiality agreement founded on the content of Moonshine's posted messages.
In balancing Moonshine's right of anonymous free speech against the strength of the prima facie case presented and the necessity for disclosure, it is clear that the motion judge struck the proper balance in favor of identity disclosure. With evidence demonstrating Moonshine is an employee of Immunomedics, that employees execute confidentiality agreements, and the content of Moonshine's posted messages providing evidence of the breach thereof, the disclosure of Moonshine's identity, which can be reasonably calculated to be achieved by information obtained from the subpoena, was fully warranted. Although anonymous speech on the Internet is protected, there must be an avenue for redress for those who are wronged. Individuals choosing to harm another or violate an agreement through *778 speech on the Internet cannot hope to shield their identity and avoid punishment through invocation of the First Amendment.
Moonshine further argues that she should have the opportunity to disprove Immunomedics' claims prior to her identity being disclosed. This argument lacks merit. To allow a potential tortfeasor to disprove a plaintiff's case before the plaintiff is even provided the opportunity to learn the defendant's identity, let alone gather any discovery, has no foundation in New Jersey law. Immunomedics presented the court with a valid claim for breach of contract, and should be given the opportunity to pursue that claim. Having done so, Moonshine should not be afforded an advantageous position based on the media in which she chose to commit the breach of contract or because she committed that alleged breach anonymously.
Affirmed.
NOTES
[1] Immunomedics was able to access Moonshine's "Member Directory." The Member Directory provides Yahoo! users the opportunity to provide "basic[ ]" information about themselves to the general public. However, the only information entered by Moonshine was that she was a female.
[2] Both the breach of contract and breach of loyalty claims were based on the theory that Moonshine was an employee, because Immunomedics alleged that Moonshine's "communications... indicate that [she] is a female employee of Immunomedics, residing in France."
[3] In its original complaint and its amended complaint, Immunomedics asserts that it also made a request upon Yahoo! to delete the subject message(s) from its message board. Apparently, Yahoo! complied with that request.
[4] The confidentiality agreement also provides that it survives termination of employment.